# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDDIE ROGERS,**

        Petitioner,

  -vs-

Case No. 07-MISC-098

**MICHAEL THURMER, Warden,**
**Waupun Correctional Institution,**

        Respondent.

# DECISION AND ORDER

    Eddie Rogers ("Rogers"), a prisoner in state custody pursuant to a 1992 conviction, filed this miscellaneous action as a motion to reinstate an action for habeas relief under 28 U.S.C. § 2254. Rogers indicates that after his conviction was affirmed on direct appeal, the state public defender appointed counsel to help him pursue either federal or state post-conviction remedies. According to Rogers, his appointed post-conviction counsel was ineffective by failing to commence such proceedings, so the Court should grant him leave to pursue post-conviction remedies in a § 2254 action.

    Convicted defendants do not have a constitutional right to effective assistance of counsel in the course of collateral proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 755 (1991); *Johnson v. McBride*, 381 F.3d 587, 590 (7th Cir. 2004) (effective counsel for collateral proceedings is not guaranteed and thus not grounds for habeas review); § 2254(i) ("ineffectiveness or incompetence of counsel during Federal or State collateral post-

conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254"). Therefore, the alleged ineffective assistance of Rogers' post-conviction counsel is not a claim for habeas relief. Nor can it excuse the extreme lateness of any potential claim for habeas relief. *See Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005) (for convictions that became final prior to April 24, 1996, one-year limitations period in § 2244(d) began to run on that date); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (lawyer's mistake or ineffective assistance during post-conviction proceeding not grounds for equitable tolling).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Rogers' motion to reinstate his right to pursue relief under 28 U.S.C. § 2254 is **DENIED**.

Dated at Milwaukee, Wisconsin, this   30th   day of October, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**